UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

TYJON HITES,

          Plaintiff,           Case No. 1:25-cv-541

v.                                   Honorable Maarten Vermaat

UNKNOWN PHILLIPS et al.,

          Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. The Court will grant Plaintiff's motion (ECF No. 2) for leave to proceed *in forma pauperis* in this action. Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States Magistrate Judge. (ECF No. 4, PageID.17.)

This case is presently before the Court for preliminary review under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court is required to conduct this initial review prior to the service of the complaint. *See In re Prison Litig. Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997). Service of the complaint on the named defendants is of particular significance in defining a putative defendant's relationship to the proceedings.

"An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros.,*

*Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the PLRA, by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) ("Pursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal.").

Here, Plaintiff has consented to a United States Magistrate Judge conducting all proceedings in this case under 28 U.S.C. § 636(c). That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c). Because the named Defendants have not yet been served, the undersigned concludes that they are not presently parties whose consent is required to permit the undersigned to conduct a preliminary review under the PLRA, in the same way they are not parties who will be served with or given notice of this opinion. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a

2

consent from the defendants[; h]owever, because they had not been served, they were not parties to this action at the time the magistrate entered judgment.").[1]

Under the PLRA, the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendant Teelander. The Court will also dismiss Plaintiff's official capacity and Fourteenth Amendment claims against remaining Defendant Phillips for failure to state a claim.

Plaintiff's individual capacity Eighth Amendment and state law claims against Defendant Phillips remain in the case.

## Discussion

### I. Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Bellamy Creek Correctional Facility (IBC) in Ionia, Ionia County, Michigan. The events

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States Magistrate Judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

about which he complains occurred at that facility. Plaintiff sues **Corrections Officers Unknown Phillips** and **Unknown Teelander** in their official and personal capacities. (ECF No. 1, PageID.2.)

Plaintiff alleges that on February 11, 2025, during evening medication rounds, Defendant Phillips accompanied the nurse who was bringing Plaintiff his medication. (*Id.*, PageID.3.) When Defendant Phillips opened Plaintiff's food slot, Plaintiff put his hand out with his palm up in order to receive his medication. (*Id.*) Plaintiff noticed that his medication looked different, so he asked the nurse about the change. As Plaintiff was attempting to speak with the nurse, Defendant Phillips slammed the food slot down on Plaintiff's hand and then pushed it down with his entire body weight. (*Id.*) Plaintiff screamed in pain and asked, "What the hell are you doing? Get off my arm!" (*Id.*) Defendant Phillips then grabbed Plaintiff's arm and twisted it around making Plaintiff scream out again. (*Id.*) Plaintiff demanded that Defendant Phillips let go of his hand and Defendant Phillips walked away. (*Id.*)

Shortly thereafter, Plaintiff reported the incident to Defendant Teelander as he was conducting rounds. (*Id.*) Plaintiff asked to have Defendant Phillips removed from the housing unit for assaulting him. (*Id.*) Defendant Teelander stated that he would speak with Defendant Phillips. (*Id.*) A few minutes later, Defendant Phillips returned to Plaintiff's cell and apologized, stating "I'm sorry Hites. I've been very stressed at home, and I took my stress out on you." (*Id.*)

Plaintiff filed a grievance, which was reviewed by Sergeant Stump. (*Id.*) Plaintiff never received a step I response, so he filed a step II appeal on March 13, 2025, which was denied because Plaintiff did not include the white copy of the step I grievance. (*Id.*) Plaintiff made a second attempt to file a step II appeal, but it was returned to him. (*Id.*)

Plaintiff asserts that Defendant Phillips's actions violated Plaintiff's rights under the Eighth and Fourteenth Amendments. (*Id.*, PageID.4.) Plaintiff also states that Defendant Teelander

4

violated Plaintiff's Eighth Amendment rights when Teelander told Defendant Phillips to return to Plaintiff's cell to apologize because it posed an excessive risk to Plaintiff's health and safety. (*Id.*) Finally, Plaintiff states that Defendants violated his rights under state law. (*Id.*, PageID.5.)

Plaintiff seeks compensatory and punitive damages, as well as a declaratory judgment that the actions and admissions of the Defendants violated state and federal law. (*Id.*) Plaintiff also seeks costs and unspecified "other relief just and equitable." (*Id.*)

## II.     Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A.    Official Capacity Claims

Plaintiff brings claims against Defendants Phillips and Teelander in both their individual and official capacities and seeks monetary and declaratory relief.

A suit against an individual in his or her official capacity is equivalent to a suit brought against the governmental entity, in this case, the MDOC. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). The states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98–101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1994). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). And, regardless, the State of Michigan (acting through the MDOC) is not a "person" who may be sued under § 1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613, 617 (2002) (citing *Will*, 491 U.S. at 66).

6

Here, Plaintiff seeks a declaratory judgment and monetary damages. (Compl., ECF No. 1, PageID.5.) However, as noted above, the MDOC is not a "person" who may be sued under § 1983 for money damages. *See, e.g.*, *Lapides*, 535 U.S. at 617. Similarly, Plaintiff may not seek monetary damages against Defendants in their official capacities. *Will*, 491 U.S. at 71 ("We hold that neither a State nor its officials acting in their official capacities are "persons" under § 1983.").

Although damages claims against official capacity defendants are properly dismissed, an official capacity action seeking prospective injunctive or declaratory relief is not treated as an action against the state. *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985) (citing *Ex parte Young*, 209 U.S. 123, 159–60 (1908)). The *Ex parte Young* doctrine "rests on the premise—less delicately called a 'fiction'—that when a federal court commands a state official to do nothing more than refrain from violating federal law, he is not the State for sovereign immunity purposes." *Va. Ofc. for Prot. and Advoc. v. Stewart*, 563 U.S. 247, 255 (2011) (internal citation omitted.) The Supreme Court has cautioned that, "*Ex parte Young* can only be used to avoid a state's sovereign immunity when a 'complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'" *Ladd v. Marchbanks*, 971 F.3d 574, 581 (6th Cir. 2020) (quoting *Verizon Md. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002)). Past exposure to an isolated incident of illegal conduct does not, by itself, sufficiently prove that the plaintiff will be subjected to the illegal conduct again. *See, e.g.*, *Los Angeles v. Lyons*, 461 U.S. 95 (1983) (addressing injunctive relief); *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (addressing declaratory relief). A court should assume that, absent an official policy or practice urging unconstitutional behavior, individual government officials will act constitutionally. *Lyons*, 461 U.S. at 102.

In the present action, Plaintiff does not allege the existence of an official policy or practice or suggest that the activities alleged in the complaint are likely to occur to him again. Instead, Plaintiff's allegations relate solely to past harm, not future risk of harm. Because Plaintiff does not seek relief properly characterized as prospective, s*ee Ladd*, 971 F.3d at 581, he cannot maintain his claims for declaratory relief against Defendants Phillips and Teelander.

Accordingly, for the reasons set forth above, Plaintiff has failed to state a claim against Defendants Phillips and Teelander in their official capacities upon which relief may be granted, and his official capacity claims against Defendants Phillips and Teelander will be dismissed for failure to state a claim.

### B.    Defendant Phillips

Plaintiff claims that Defendant Phillips violated Plaintiff's rights under the Eighth and Fourteenth Amendments when he assaulted Plaintiff.

#### 1.    Eighth Amendment

Plaintiff claims that Defendant Phillips subjected him to excessive force in violation of the Eighth Amendment. The Eighth Amendment embodies a constitutional limitation on the power of the states to punish those convicted of a crime. Punishment may not be "barbarous", nor may it contravene society's "evolving standards of decency." *See Rhodes v. Chapman*, 452 U.S. 337, 345–46 (1981); *see also Trop v. Dulles*, 356 U.S. 86, 101 (1958). The Eighth Amendment also prohibits conditions of confinement which, although not physically barbarous, "involve the unnecessary and wanton infliction of pain." *Rhodes*, 452 U.S. at 346. Among unnecessary and wanton inflictions of pain are those that are "totally without penological justification." *Id.*

Plaintiff's claim that Defendant Phillips slammed the food slot closed on his hand, pressed down using all his body weight, and then twisted Plaintiff's arm must be analyzed under the Supreme Court authority limiting the use of force against prisoners. This analysis must be made

8

in the context of the constant admonitions by the Supreme Court regarding the deference that courts must accord to prison or jail officials as they attempt to maintain order and discipline within dangerous institutional settings. *See, e.g.*, *Whitley v. Albers*, 475 U.S. 312, 321–22 (1986).

Generally, restrictions and even harsh conditions of confinement are not necessarily cruel and unusual punishment prohibited by the Eighth Amendment. *Rhodes*, 452 U.S. 347. The Supreme Court has held that "whenever guards use force to keep order," the standards enunciated in *Whitley*, 475 U.S. 312, should be applied. *Hudson v. Dodson*, 503 U.S. 1, 7 (1992); *see also Wilkins v. Gaddy,* 559 U.S. 34, 37–39 (2010). Under *Whitley*, the core judicial inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 6–7; *Wilkins*, 559 U.S. at 37. In determining whether the use of force is wanton and unnecessary, the court should evaluate the need for application of force, the relationship between that need and the amount of force used, the threat "reasonably perceived by the responsible officials," and any efforts made to temper the severity of the forceful response. *Hudson*, 503 U.S. at 7 (citing *Whitley*, 475 U.S. at 321); *accord Griffin v. Hardrick*, 604 F.3d 949, 953–54 (6th Cir. 2010); *McHenry v. Chadwick*, 896 F.2d 184 (6th Cir. 1990).

In this case, Plaintiff alleges that Defendant Phillips' use of force was entirely unprovoked and that Plaintiff's only action prior to the use of force was to ask the nurse why his medications were different. (ECF No. 1, PageID.3.) In addition, Plaintiff alleges that Defendant Phillips himself later apologized and told Plaintiff that he had taken his stress out on Plaintiff. (*Id.*) Therefore, the Court concludes that at this point in the litigation, Plaintiff has alleged sufficient facts to avoid dismissal of his Eighth Amendment claim against Defendant Phillips.

9

### 2. Fourteenth Amendment

Plaintiff also asserts that Defendant Phillips was deliberately indifferent in violation of the Fourteenth Amendment. The Court construes Plaintiff as asserting a violation of his substantive due process rights under the Fourteenth Amendment, which prohibits states from "depriv[ing] any person of life, liberty, or property, without due process of law[.]" U.S. Const. amend. XIV. "Substantive due process 'prevents the government from engaging in conduct that shocks the conscience …or interferes with rights implicit in the concept of ordered liberty.'" *Prater v. City of Burnside*, 289 F.3d 417, 431 (6th Cir. 2002) (quoting *United States v. Salerno*, 481 U.S. 739, 746 (1987)). "Substantive due process . . . serves the goal of preventing governmental power from being used for purposes of oppression, regardless of the fairness of the procedures used." *Pittman v. Cuyahoga Cnty. Dep't of Child. & Fam. Servs.*, 640 F.3d 716, 728 (6th Cir. 2011) (quoting *Howard v. Grinage*, 82 F.3d 1343, 1349 (6th Cir. 1996)). "Conduct shocks the conscience if it 'violates the decencies of civilized conduct.'" *Range v. Douglas*, 763 F.3d 573, 589 (6th Cir. 2014) (quoting *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 846–47 (1998) (quoting *Rochin v. California*, 342 U.S. 165, 172-73 (1952))). The Sixth Circuit has held that framing an inmate by planting evidence may violate substantive due process where a defendant's conduct shocks the conscience and constitutes an "egregious abuse of governmental power." *Cale v. Johnson*, 861 F.2d 943, 950 (6th Cir. 1988), *overruled in other part by Thaddeus-X v. Blatter*, 175 F.3d 378, 388 (6th Cir. 1999); *see also Davis v. Gallagher*, No. 1:16-cv-1405, 2016 WL 7403941, *4 (W.D. Mich. Dec. 22, 2016); *Robinson v. Schertz*, No. 2:07-cv-78, 2007 WL 4454293 (W.D. Mich. Dec. 14, 2007).

"Where a particular [a]mendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that [a]mendment, not the more generalized notion of "substantive due process," must be the guide for analyzing these claims.'"

10

*Albright*, 510 U.S. at 269 (quoting *Graham v. Connor*, 490 U.S. 386, 394 (1989) (holding that the Fourth Amendment, not substantive due process, provides the standard for analyzing claims involving unreasonable search or seizure of free citizens, and the Eighth Amendment provides the standard for such searches of prisoners), *overruled on other grounds by Saucier v. Katz*, 533 U.S. 194 (2001)). If such an amendment exists, the substantive due process claim is properly dismissed. *Heike v. Guevara*, 519 F. App'x 911, 923 (6th Cir. 2013).

In this case, the Eighth Amendment provides an explicit source of constitutional protection to Plaintiff concerning his excessive force claim against Defendant Phillips. *See Graham,* 490 U.S. at 394 *(*citing *Whitley*, 475 U.S. at 327 (rejecting a substantive due process claim where the Eighth Amendment supplies a textual source for prison-condition claims)); *Dodson v. Wilkinson*, 304 F. App'x 434, 438 (6th Cir. 2008) (because the Eighth Amendment supplies the explicit textual source of constitutional protection for claims governing a prisoner's health and safety, the plaintiff's substantive due process claim was subject to dismissal). Consequently, Plaintiff's substantive due process claim against Defendant Phillips will be dismissed.

### C.     **Defendant Teelander**

Plaintiff claims that Defendant Teelander violated his Eighth Amendment rights when he had Defendant Phillips return to Plaintiff's cell to apologize because it placed Plaintiff in unnecessary danger.

Inmates have a constitutionally protected right to personal safety grounded in the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). Thus, prison staff are obliged "to take reasonable measures to guarantee the safety of the inmates" in their care. *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984). In particular, because officials have "stripped [prisoners] of virtually every means of self-protection[,]" "officials have a duty to protect prisoners from violence at the hands of other prisoners." *Id.* at 833. To establish a violation of this right, Plaintiff must show that

11

Defendant was deliberately indifferent to the Plaintiff's risk of injury. *Walker v. Norris*, 917 F.2d 1449, 1453 (6th Cir. 1990); *McGhee v. Foltz*, 852 F.2d 876, 880–81 (6th Cir. 1988). While a prisoner does not need to prove that he has been the victim of an actual attack to bring a personal safety claim, he must at least establish that he reasonably fears such an attack. *Thompson v. Cnty. of Medina*, 29 F.3d 238, 242–43 (6th Cir. 1994) (holding that plaintiff has the minimal burden of "showing a sufficient inferential connection" between the alleged violation and inmate violence to "justify a reasonable fear for personal safety.").

An officer is liable for another officer's use of excessive force where the defendant "'observed or had reason to know that excessive force would be or was being used' *and* 'had both the opportunity and the means to prevent the harm from occurring.'" *Burgess v. Fischer*, 735 F.3d 462, 475 (6th Cir. 2013) (emphasis in original) (quoting *Turner v. Scott*, 119 F.3d 425, 429 (6th Cir. 1997); *accord Alexander v. Carter ex. rel. Byrd*, 733 F. App'x 256, 265 (6th Cir. 2018); *Partin v. Parris*, No. 17-6172, 2018 WL 1631663, at *3 (6th Cir. Mar. 20, 2018).

In this case, Plaintiff fails to allege any facts showing that Defendant Teelander was deliberately indifferent to a risk that Defendant Phillips would assault Plaintiff. As set forth above, Defendant Teelander was unaware of any risk to Plaintiff prior to the incident in which Defendant Phillips slammed the food slot closed on Plaintiff's hand. Nor does Plaintiff allege any facts showing that Defendant Teelander knowingly placed Plaintiff at risk when he allowed Defendant Phillips to return to Plaintiff's cell to apologize for his prior actions. Because Plaintiff fails to allege that Defendant Teelander had both the opportunity and the means to prevent the Plaintiff from being assaulted by Defendant Phillips, he fails to state an Eighth Amendment claim against Defendant Teelander.

### D.     State Law Claims

Plaintiff asserts that Defendants Phillips and Teelander violated his rights under state law. Claims under § 1983 can only be brought for "deprivations of rights secured by the Constitution and laws of the United States." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982). Section 1983 does not provide redress for a violation of state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994). Plaintiff's assertion that Defendants violated state law therefore fails to state a claim under § 1983.

Moreover, to the extent that Plaintiff seeks to invoke this Court's supplemental jurisdiction over a state-law claim, the Court declines to exercise jurisdiction as to Defendant Teelander. Ordinarily, where a district court has exercised jurisdiction over a state-law claim solely by virtue of supplemental jurisdiction and the federal claims are dismissed prior to trial, the court will dismiss the remaining state-law claims. *See Experimental Holdings, Inc. v. Farris* 503 F.3d 514, 521 (6th Cir. 2007) ("Generally, once a federal court has dismissed a plaintiff's federal law claim, it should not reach state law claims.") (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966)); *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993). In determining whether to retain supplemental jurisdiction, "[a] district court should consider the interests of judicial economy and the avoidance of multiplicity of litigation and balance those interests against needlessly deciding state law issues." *Landefeld*, 994 F.2d at 1182; *see also Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006) ("Residual jurisdiction should be exercised only in cases where the interests of judicial economy and the avoidance of multiplicity of litigation outweigh our concern over needlessly deciding state law issues." (internal quotations omitted). Dismissal, however, remains "purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (citing 28 U.S.C. § 1367(c)); *Orton v. Johnny's Lunch Franchise, LLC*, 668 F.3d 843, 850 (6th Cir. 2012).

Here, the balance of the relevant considerations weighs against the continued exercise of supplemental jurisdiction as to Defendant Teelander. Accordingly, Plaintiff's state-law claims against Defendant Teelander will be dismissed without prejudice. However, the Court will continue to exercise supplemental jurisdiction as to Plaintiff's state law claims against Defendant Phillips.

### Conclusion

The Court will grant Plaintiff leave to proceed *in forma pauperis* in this case. Having conducted the review required by the PLRA, the Court determines that Defendant Teelander will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will also dismiss Plaintiff's official capacity and Fourteenth Amendment claims against Defendant Phillips for failure to state a claim. Plaintiff's individual capacity Eighth Amendment excessive force and state law claims against Defendant Phillips remain in the case.

An order consistent with this opinion will be entered.

Dated:   October 6, 2025                          /s/ *Maarten Vermaat*
                                                  Maarten Vermaat
                                                  United States Magistrate Judge